UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMIA LAVELLE BRYANT,<br><br>    Plaintiff,<br><br>    v.<br><br>SACRAMENTO EMPLOYMENT AND TRAINING AGENCY,<br><br>    Defendant. | No.  2:14-cv-1330-MCE-KJN PS<br><br><br>ORDER |

Plaintiff Amia Lavelle Bryant, proceeding in this action without counsel, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  (ECF No. 2.)[1]  Plaintiff's application in support of her request to proceed in forma pauperis makes the showing required by 28 U.S.C. § 1915.  Accordingly, the undersigned grants plaintiff's request to proceed in forma pauperis.

The determination that a plaintiff may proceed in forma pauperis does not complete the required inquiry.  Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines that the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

---

[1] This case proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

1    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

2    Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

3    Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

4    indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

5    490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

6    pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

7    Cir. 1989); Franklin, 745 F.2d at 1227.

8    To avoid dismissal for failure to state a claim, a complaint must contain more than "naked

9    assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of

10   action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007).  In other words,

11   "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

12   statements do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a claim

13   upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A

14   claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

15   the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129 S. Ct.

16   at 1949.  When considering whether a complaint states a claim upon which relief can be granted,

17   the court must accept the well-pled factual allegations as true, Erickson v. Pardus, 127 S. Ct.

18   2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, see

19   Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

20   Pro se pleadings are liberally construed.  See Haines v. Kerner, 404 U.S. 519, 520-21

21   (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988).  Unless it is clear

22   that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding in forma

23   pauperis is entitled to notice and an opportunity to amend before dismissal.  See Noll v. Carlson,

24   809 F.2d 1446, 1448 (9th Cir. 1987); Franklin, 745 F.2d at 1230.

25   Here, plaintiff's 4-page complaint is confusing and makes broad references to

26   deprivations of constitutional rights and discrimination by defendant Sacramento Employment

27   and Training Agency, which is somehow apparently affiliated with LaFamilia Counseling Center

28   and purportedly receives federal funding to offer certain programs and services.  As far as the

court can ascertain, plaintiff was allegedly wrongfully terminated from some type of job-training program offered by defendant (or a company contracted by defendant to offer the training), which plaintiff claims was the result of "discriminatory behaviors" and "male prejudices." (See generally ECF No. 1.) However, plaintiff provides little in the way of facts explaining what type of facility defendant is (and how it is related to LaFamilia Counseling Center), what type of services it offers, what specific discriminatory acts occurred, when these acts occurred, and what resulting damages plaintiff suffered. Furthermore, although plaintiff's complaint lists numerous federal statutes, the complaint fails to articulate how each of these statutes were violated by defendant.

In sum, plaintiff's complaint, which largely contains vague assertions and conclusory statements, does not provide defendant or the court with sufficient notice of what her claims are, and does not plead sufficient facts which, if accepted as true, would allow the court to draw the reasonable inference that defendant is liable for the misconduct alleged. Therefore, the court dismisses plaintiff's complaint, but with leave to amend.

If plaintiff elects to file an amended complaint, it shall be captioned "First Amended Complaint"; shall be no longer than 20 pages; shall correct the deficiencies outlined in this order; and shall be filed within 28 days of this order.

Plaintiff is informed that the court cannot refer to a prior complaint or other filing in order to make plaintiff's first amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint, and once the first amended complaint is filed, the original complaint no longer serves any function in the case.

Finally, nothing in this order requires plaintiff to file a first amended complaint. If plaintiff determines that she is unable to amend her complaint in compliance with the court's order at this juncture, she may alternatively file a notice of voluntary dismissal of her claims without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) within 28 days of this order.

////

1      Accordingly, for the reasons outlined above, IT IS HEREBY ORDERED that:

2      1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is granted.

3      2. Plaintiff's complaint is dismissed, but with leave to amend.

4      3. Within 28 days of this order, plaintiff shall file either a first amended complaint in compliance with this order, or a notice of voluntary dismissal of the action without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).

7      4. Failure to file either a first amended complaint in compliance with this order or a notice of voluntary dismissal by the required deadline may result in a recommendation that the action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

11     IT IS SO ORDERED.

12     Dated: June 16, 2014

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE