UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMIA LAVELLE BRYANT, | No. 2:14-cv-1330-MCE-KJN PS |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| SACRAMENTO EMPLOYMENT AND TRAINING AGENCY, | |
| Defendant. | |

Plaintiff Amia Lavelle Bryant, proceeding without counsel, initially commenced this action on May 30, 2014. (ECF No. 1.)[1] On June 17, 2014, the court granted plaintiff's motion to proceed *in forma pauperis*, but dismissed plaintiff's original complaint with leave to amend. (ECF No. 3.) The court found that although the original complaint made broad references to deprivations of constitutional rights and discrimination by defendant Sacramento Employment and Training Agency, plaintiff provided insufficient factual allegations to understand the exact nature of her claims and how her rights were allegedly violated. (Id.) Nevertheless, in light of plaintiff's *pro se* status, and because it was at least plausible that plaintiff could cure the deficiencies by pleading additional factual allegations that state a viable claim, the court granted plaintiff an opportunity to amend her complaint. (Id.) The court instructed plaintiff to clarify,

---

[1] This case proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

*inter alia*, what type of facility defendant is, what type of services it offers, what specific discriminatory acts occurred, when such acts occurred, what resulting damages plaintiff suffered, and plaintiff's theory as to how defendant's actions violated a federal statute(s). (Id.) Plaintiff was directed to file any amended complaint within 28 days. (Id.)

Thereafter, on July 18, 2014, plaintiff filed a motion for extension of time to file her amended complaint, which the court granted on July 22, 2014. (ECF Nos. 4, 5.) The operative first amended complaint was then filed on August 25, 2014. (ECF No. 6.)

Pursuant to 28 U.S.C. § 1915, the court is directed to dismiss the case at any time if it determines that the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

To avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the well-pled factual allegations as true, Erickson v. Pardus, 127 S. Ct.

2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

*Pro se* pleadings are liberally construed. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988). Unless it is clear that no amendment can cure the defects of a complaint, a *pro se* plaintiff proceeding *in forma pauperis* is entitled to notice and an opportunity to amend before dismissal. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin, 745 F.2d at 1230. However, "[t]he district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." Allen v. City of Beverly Hills, 911 F.2d 367, 373 (9th Cir. 1990). A denial of leave to amend is also appropriate if granting leave to amend would be futile. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

The first amended complaint remains somewhat scattered and confusing. Nevertheless, liberally construed, plaintiff's first amended complaint appears to allege that plaintiff obtained an on-the-job training position with National Security Industries by virtue of a contract between plaintiff, National Security Industries, and LaFamilia Counseling Center (an affiliate or subsidiary of defendant Sacramento Employment and Training Agency). The on-the-job training position was funded, at least in part, by federal funding pursuant to the Workforce Investment Act, 29 U.S.C. §§ 2801 *et seq.* However, plaintiff alleges that her training never actually commenced, and that, after less than 60 days into the initial 90-day training period, she was wrongfully terminated from the on-the-job training position by National Security Industries while plaintiff was receiving medical care.

Subsequently, plaintiff filed a complaint with Rod Nishi, the Equal Opportunity Officer for defendant Sacramento Employment and Training Agency (and its affiliate or subsidiary, LaFamilia Counseling Center). According to plaintiff, Mr. Nishi later informed her that his investigation did not find sufficient information to raise an inference that any prohibited conduct had occurred. Plaintiff contends that defendant did not give due diligence to her complaint, failed to engage in a proper fact finding process, and discriminated against her based on her gender, race, and age.

3

To the extent that plaintiff seeks judicial review of defendant Sacramento Employment and Training Agency's substantive decision regarding her complaint of discrimination by National Security Industries, that claim lacks merit, because the applicable statutes and regulations do not appear to authorize such judicial review.

The Workforce Investment Act provides that "[n]o individual shall be excluded from participation in, denied the benefits of, subjected to discrimination under, or denied employment in the administration of or in connection with [programs funded under the Act] because of race, color, religion, sex (except as otherwise permitted under title IX of the Education Amendments of 1972), national origin, age, disability, or political affiliation or belief." 29 U.S.C. § 2938(a)(2). If the Secretary of Labor finds that a recipient of funds fails to comply with these provisions, the Secretary may refer the matter to the Attorney General with a recommendation that an appropriate civil action be instituted. Id. § 2938(b)-(c). The statute also authorizes the Secretary of Labor to promulgate regulations to implement the statute, including the establishment of procedures to process complaints filed under the statute. Id. § 2938(e). In turn, the implementing regulations require complaints regarding violations of the nondiscrimination and equal opportunity provisions of the Workforce Investment Act to be filed either with the recipient of the funds or the Director of the Civil Rights Center (in the Office of the Assistant Secretary for Administration and Management, U.S. Department of Labor). 29 C.F.R. §§ 37.4, 37.71. If a complainant elects to file a complaint with the recipient, and is thereafter dissatisfied with the recipient's decision, or the recipient fails to issue a decision within 90 days of the filing of a complaint, the complainant may then file a complaint with the Director of the Civil Rights Center. 29 C.F.R. §§ 37.79-80. However, neither the statute nor the regulations make any reference to judicial review of a decision made with respect to a complaint.

In this case, plaintiff filed a complaint regarding her termination from the on-the-job training position by National Security Industries with Rod Nishi, the Equal Opportunity Officer for defendant Sacramento Employment and Training Agency, which plaintiff alleges is a recipient

////

////

of funds under the Workforce Investment Act.[2]  If plaintiff was dissatisfied with defendant's substantive decision on her complaint, the appropriate remedy would have been to file a complaint with the Director of the Civil Rights Center – not to file a civil action amounting to a *de facto* appeal of defendant's decision in federal court.

Furthermore, to the extent that plaintiff contends that defendant Sacramento Employment and Training Agency *itself* discriminated against plaintiff based on gender, race, and age with respect to its handling of plaintiff's complaint, the court finds that claim to be frivolous and unsupported by any non-conclusory factual allegations.  Plaintiff merely broadly alleges that defendant did not give due diligence to her complaint and failed to engage in a proper fact finding process because plaintiff is female, African American, and over the age of 40; and the vast majority of individuals served by defendant and similar organizations in the Sacramento area are purportedly Latino and African American males under the age of 40.  Such speculative allegations of discrimination are woefully insufficient to state a cognizable claim.  Plaintiff may well disagree with defendant's decision on her administrative complaint, but that does not make the decision actionable discrimination.

In light of the above, plaintiff's first amended complaint is also subject to dismissal.  Additionally, the court concludes that granting plaintiff further leave to amend is not warranted.  Plaintiff has already previously been provided with an opportunity to amend her complaint.  See Allen, 911 F.2d at 373 ("[t]he district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint").  In its previous order granting plaintiff leave to amend, the court notified plaintiff of the need to allege sufficient facts, as opposed to mere conclusory allegations, in support of her claims, and instructed plaintiff to clarify what specific discriminatory acts defendant allegedly committed and how such acts violated a federal statute(s).  Because plaintiff still fails to state a proper claim despite having been notified of pleading deficiencies and given an opportunity to correct them in an amended

---

[2] It is unclear whether National Security Industries, defendant Sacramento Employment and Training Agency, and/or both entities are alleged to be recipients of the federal funding. The court assumes, for purposes of screening plaintiff's complaint, that she filed a complaint with the correct recipient.

1 | pleading, the court finds that granting further leave to amend would be futile. Cahill, 80 F.3d at
2 | 339.

3 |         Accordingly, IT IS HEREBY RECOMMENDED that:
4 |         1.  The action be dismissed with prejudice.
5 |         2.  The Clerk of Court be directed to vacate all dates and close this case.

6 |         These findings and recommendations are submitted to the United States District Judge
7 | assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14)
8 | days after being served with these findings and recommendations, any party may file written
9 | objections with the court and serve a copy on all parties.  Such a document should be captioned
10 | "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
11 | shall be served on all parties and filed with the court within fourteen (14) days after service of the
12 | objections.  The parties are advised that failure to file objections within the specified time may
13 | waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th
14 | Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

15 |         IT IS SO RECOMMENDED.

16 | Dated:  September 17, 2014

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE